UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNECTUS LLC,

    Plaintiff,

v.                                      Case No: 8:16-mc-00159-VMC-JSS

AMPUSH MEDIA, INC. and DGS EDU, LLC,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Non-Party Digital Globe Services, Inc.'s ("Digital") Motion to Quash Subpoena *Duces Tecum* and Motion for Protective Order ("Motion") (Dkt. 1), and Plaintiff's response in opposition (Dkt. 8). A hearing was held on the Motion before the undersigned on January 24, 2017, at which the Court heard the oral arguments of counsel. For the reasons stated at the hearing and as follows, the Motion is granted in part and denied in part.

### APPLICABLE STANDARDS

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts consider the following factors when evaluating whether requested discovery is proportional to the needs of the case: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

A court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a party to undue burden" and may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv), (B)(i). A court may issue a protective order for "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

## ANALYSIS

Plaintiff issued a subpoena *duces tecum* and a subpoena to testify at a deposition on Digital (Dkt. 1-3), seeking discovery related to Plaintiff's lawsuit against Ampush Media, Inc. ("Ampush"), and DGS EDU, LLC ("DGS"), case number 8:15-cv-02778-VMC-JSS ("Main Case"). Digital is not a party to the Main Case, but is a parent company of DGS. (Dkt. 8 at 2.)

The subpoenas seek discovery regarding the following subjects: "all communications relating to" Plaintiff, the Main Case, contracts with the Defendants in the Main Case, and "exposure under the Telephone Consumer Protection Act"; "all" financial records relating to DGS and Digital's parent company, who is also not a party to the Main Case; "all communications" relating to DGS's acquisition of Ampush's educational business unit; "all documents and communications" relating to Digital's control over DGS's management and activities; and "all documents and communications" relating to Digital's relationship to its parent company. (Dkt. 1-3.)

In the Motion, Digital argues that the subpoenas' requests are "extremely broad and unduly burdensome" and seek discovery neither relevant to nor proportional to the parties' claims and defenses in the Main Case. (Dkt. 1 at 3.) Further, the subpoenas seek "sensitive confidential and

privileged information," including Digital's financial information and proprietary business records. (Dkt. 1 at 3.)

In response, Plaintiff contends that Digital has information relevant to the Main Case that Plaintiff cannot obtain from DGS. (Dkt. 8 at 2, 4.) Specifically, Plaintiff argues that Digital possesses financial records of DGS that could contain information relevant to Plaintiff's claim for unjust enrichment. (Dkt. 8 at 5.) Plaintiff also argues that it is entitled to discovery to determine whether Digital and DGS are "legitimately [ ] separate entit[ies]." (Dkt. 8 at 5–6.) In particular, Plaintiff seeks a contract between DGS and a Pakistani entity, that Plaintiff claims Digital possesses, that could contain information regarding sums DGS obtained for educational leads allegedly stolen from Plaintiff. (Dkt. 8 at 6–7.)

With the exception of two areas of inquiry, the Court agrees with Digital that the subpoenas are overly broad, unduly burdensome, and do not seek relevant information. As Digital is not a party to the Main Case and Plaintiff has made no allegations pertaining to Digital, wide-sweeping requests for all of Digital's financial records, documents, and communications regarding Digital's control over DGS, communications regarding DGS's acquisition of Ampush, Digital's communications with and documents relating to another non-party are not relevant to the parties' claims and defenses in the Main Case. Fed. R. Civ. P. 26(b)(1). Further, Digital's burden in producing such discovery outweighs any likely benefit of its production, and a protective order is warranted to protect Digital from this undue burden. Fed. R. Civ. P. 26(b)(1), 45(d)(3)(A)(iv). Plaintiff's requests for discovery from Digital relating to the Main Case and "the storage, acquisition, use and sale of lead-related information obtained from Plaintiff" (Dkt. 1-3), on the other hand, are targeted to the issues of the Main Case and not overly broad.

Accordingly, it is **ORDERED** that the Motion (Dkt. 1), is **GRANTED** in part and **DENIED** in part. The Motion is granted with respect to Plaintiff's subpoena *duces tecum* to Digital (Dkt. 1-3) as follows: paragraphs 1(a), 1(d), 1(e), 1(f), and 2 through 5 of the "Requests for Production" contained in Attachment A ("RFP List") to the subpoena *duces tecum* are stricken. The Motion is denied as to paragraphs 1(b) and 1(c) of the RFP List. Digital's responses to the subpoena *duces tecum* as modified shall be served on Plaintiff by February 14, 2017. The Motion is granted with respect to Plaintiff's subpoena to testify at a deposition to Digital (Dkt. 1-3) as follows: paragraphs 1(a), 1(d), 1(e), 1(f), and 2 through 7 of the "Deposition Topics" contained in Attachment B ("Topics") to the subpoena to testify are stricken. The Motion is denied as to paragraphs 1(b) and 1(c) of the Topics. The deposition of Digital's representative must be completed by February 28, 2017.

**DONE** and **ORDERED** in Tampa, Florida on January 27, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record